IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVE DOUGLAS BURR, | ) | No. C 10-5935 LHK (PR) |
| | ) | |
| Petitioner, | ) | ORDER DENYING |
| | ) | APPOINTMENT OF COUNSEL |
| v. | ) | |
| | ) | |
| FRANK CHAVEZ, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | (Docket No. 3) |

Petitioner has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has requested appointment of counsel in this action. However, the Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). While 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner if "the court determines that the interests of justice so require," the courts have made appointment of counsel the exception rather than the rule. Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

Petitioner has thus far been able to adequately present his claims for relief. Respondent has been ordered to produce the state record, which includes any state appellate briefs prepared by counsel. No evidentiary hearing appears necessary in this case, nor are any other extraordinary circumstances apparent. At this time, appointment of counsel is not mandated, and

Order Denying Appointment of Counsel
P:\PRO-SE\SJ.LHK\HC.10\Burr935atty.wpd

1  the interests of justice do not require appointment of counsel. Accordingly, Plaintiff's request is
2  DENIED. This denial is without prejudice to the Court's *sua sponte* reconsideration should the
3  developments of this case dictate otherwise.
4      This order terminates docket no. 3.
5      IT IS SO ORDERED.
6  DATED:   3/4/11

                            LUCY H. KOH
                            United States District Judge